IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD RODRIGUEZ, § | | |
| TDCJ #807933, § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-08-1020 | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

## **MEMORANDUM AND ORDER**

Petitioner Richard Rodriguez (TDCJ #807933) is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). He has filed a petition under 28 U.S.C. § 2254, seeking federal habeas corpus relief from a prison disciplinary conviction. (Doc. # 1). He has also filed a memorandum in support of his claims. (Doc. # 2). After reviewing all of the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, however, the Court concludes that this case must be **dismissed** for reasons set forth below.

**I.    BACKGROUND**

Rodriguez reports that he is presently incarcerated as the result of a judgment entered against him on September 12, 1997, in the 227th District Court of Bexar County, Texas. Rodriguez was convicted of capital murder in that case and sentenced to life in prison. Court records reflect that the conviction was affirmed on appeal. *See Rodriguez v. State*, No. 04-97-00761-CR, 1998 WL 764106 (Tex. App. — San Antonio Nov. 4, 1998, pet. ref'd).

Rodriguez does not challenge his underlying conviction here. Instead, he challenges the result of a prison disciplinary proceeding at the Ferguson Unit in Midland, Texas, where he currently resides.[1] According to the pleadings, the administrative hearing officer found Rodriguez guilty on October 1, 2007, in disciplinary case #20080027753, of violating prison rules by aiding the introduction of contraband in the form of prohibited substances into an adult correctional facility.[2] As a result of the disciplinary conviction, Rodriguez was demoted in classification status from SAT 3 to Line 3. He spent fifteen days in solitary confinement and forfeited 365 days of previously earned credit for good conduct (*i.e.*, "good-time credit"). Rodriguez filed a Step 1 and Step 2 grievance to challenge the disciplinary conviction, but his appeal was unsuccessful.

In several related grounds for relief, Rodriguez contends that he is entitled to a federal writ of habeas corpus because he was denied due process at his disciplinary proceeding. Notwithstanding the arguments made in the petition and supplemental memorandum, Rodriguez is not entitled to relief as a matter of law for reasons discussed in more detail below.

## II. PRISON DISCIPLINARY PROCEEDINGS

The petitioner in this case seeks a federal writ of habeas corpus to challenge a prison disciplinary conviction that resulted in the loss of good-time credits and other miscellaneous

---

[1] Because the Ferguson Unit is located within the Southern District of Texas, this Court has jurisdiction over the petition. *See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

[2] The contraband at issue apparently included "60 packs of Buglar tobacco, 12 cans of dipping tobacco, and 2 ½ twelve-ounce bottles of Tequila alcohol." (Doc. # 2, *Memorandum*, at 2).

sanctions. The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). Thus, to prevail on his request for federal habeas corpus relief the petitioner must establish a constitutional violation.

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). A convicted prisoner does not have a constitutional right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Likewise, the Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Absent a showing that his disciplinary conviction has implicated a

3

constitutionally protected interest, a prisoner's due process claim depends on the existence of an interest created by state law.

The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good-time credits that they have earned. *See Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). The petitioner's claims are addressed below in connection with the sanctions imposed in order to determine whether the punishment implicates the Due Process Clause in this instance.

### A.    Miscellaneous Sanctions

As a result of his disciplinary conviction, Rodriguez complains that he spent fifteen days in solitary confinement, he was demoted in classification status, and that he suffered other "minor restrictions." According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon

commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id.* The Fifth Circuit has also decided that reductions in a prisoner's classification status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996). Because these sanctions do not implicate a protected liberty interest, Rodriguez cannot show that he is entitled to habeas corpus relief from these particular forms of punishment.

### B. Lost Good-Time Credits

As a result of Rodriguez's disciplinary conviction, prison officials also revoked 365 days of previously earned good-time credit. A challenge to the loss of good-time credits ordinarily requires a separate analysis. *See Madison*, 104 F.3d at 768. In this instance, that analysis will be brief. Rodriguez, who is serving a life sentence for capital murder, concedes that he is not eligible for early release on mandatory supervision. (Doc. # 1, *Petition*, ¶ 16). This is fatal to his due process claims. *See Malchi*, 211 F.3d at 957-58 (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit); *see also Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (holding that a Texas inmate serving a life sentence is not eligible for mandatory supervision and, therefore, has no constitutionally protected interest in such release).

Because Rodriguez is not eligible for mandatory supervision, any good-time credits he has earned apply only toward his eligibility for parole.[3] It is well established that there is no protected liberty interest in obtaining parole in Texas. *See Madison*, 104 F.3d at 768-69; *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Gilbertson v. Texas Bd. of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993). In other words, because Rodriguez has no constitutional right to parole, and he is not eligible for early release on mandatory supervision, his good-time credit sanction does not affect the length or duration of his confinement and does not implicate a liberty interest of the sort protected by the Due Process Clause. *See Madison*, 104 F.3d at 768-69. Accordingly, Rodriguez cannot demonstrate a violation of the Due Process Clause in connection with this sanction. *See id.*; *see also Arnold*, 306 F.3d at 279.

In summary, because the sanctions assessed against Rodriguez do not implicate a protected liberty interest, any claim by him concerning his disciplinary conviction fails to establish the requisite constitutional violation as a matter of law. Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996);

---

[3] Texas law provides that good-time credits apply only to eligibility for release on parole or mandatory supervision and do not affect the length of an inmate's sentence. *See* TEX. GOV'T CODE ANN. § 498.003; *Ex parte Montgomery*, 894 S.W.2d 324, 328 (Tex. Crim. App. 1995).

*Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). It follows that Rodriguez is not entitled to habeas corpus relief.

## III. CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, (the "AEDPA), codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim of the denial of a constitutional right. Accordingly, a certificate of appealability will not issue in this case.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** the following:

1. The petitioner's motion for leave to proceed *in forma pauperis* (Doc. # 3) is **GRANTED**.

2. The federal habeas corpus petition is **DENIED** and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on April 7th ,2008.

_____
Nancy F. Atlas
United States District Judge